IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Q. Robinson, | ) | C/A No.: 4:13-1733-RBH-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| State of South Carolina; and Gwenn J. Hyatt, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Anthony Q. Robinson, proceeding *pro se* and *in forma pauperis*, is a state prisoner incarcerated at Perry Correctional Institution. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by a state clerk of court. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that on February 19, 2013, he submitted a "Domestic Relation Action" to the Dillon County Family Court for filing. [Entry #1 at 3]. Defendant Gwenn J. Hyatt, Dillon County Clerk of Court, returned Plaintiff's pleading on February 27, 2013, stating "[t]he Chief Judge said that you cannot file for a divorce while you are in prison." [Entries #1 at 3; #1-1 at 2]. Plaintiff resubmitted his documents to defendant

Hyatt on March 8, 2013, and stated that he was attempting to file an action for paternity determination. [Entry #1 at 3; Entry #1-1 at 3]. The documents were again returned to Plaintiff allegedly per the Chief Judge's directive that Plaintiff could not file suit in family court while incarcerated. [Entry #1 at 3; Entry #1-1 at 4]. Plaintiff seeks monetary damages and injunctive relief. [Entry #1 at 4].

II.  Discussion

  A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The

mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).   Plaintiff alleges that defendant Hyatt's failure to file his action in family court constitutes denial of equal protection and denial of court access.  [Entry #1 at 2].  However, Plaintiff has named defendants in this case who are immune from suit under § 1983.

1.     State of South Carolina

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court.  *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890).  Such immunity extends to arms of the state, including a state's agencies and instrumentalities.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997).  While sovereign immunity does not bar suit where a state has given consent

to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[1]  As the State of South Carolina is immune from suit under § 1983, Plaintiff's claims against this defendant are subject to summary dismissal.

### 2. Gwenn J. Hyatt, Dillon County Clerk of Court

It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Further, the doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (internal quotation marks and citation omitted).  In the "recognized immunity enjoyed by judicial and quasi-judicial officers . . . there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969); *see also Jackson v. Houck*, No. 05-7769, 2006 WL 1344807 (4th Cir. May 17, 2006) (judicial law clerk entitled to quasi-judicial immunity for following the directive of a judge); *McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972) (holding that "all public officers who act in obedience to a judicial order or under the court's direction" are entitled to immunity),

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

*overruled on other grounds by Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995). In the present case, defendant Hyatt returned Plaintiff's family court pleading at the direction of the Chief Judge. As such, defendant Hyatt is protected from Plaintiff's claim for damages by quasi-judicial immunity.

In addition to immunity from monetary damages, defendant Hyatt is also protected by quasi-judicial immunity from Plaintiff's claims for injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As Plaintiff does not allege that either of these prerequisites for injunctive relief has been satisfied, his claim for injunctive relief against defendant Hyatt is also subject to dismissal. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (barring injunctive relief against a quasi-judicial official); *Gilmore v. Bostic*, 636 F. Supp. 2d 496, 506 (S.D.W. Va. 2009) (collecting cases); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (holding that absolute immunity "is an immunity from suit rather than a mere defense to liability").

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

    IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 24, 2013                                      Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).